# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Shelton Martin Tate, Respondent.

Appellate Case No. 2023-001642

---

Opinion No. 28207
Submitted June 4, 2024 – Filed June 20, 2024

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr., and Senior
Assistant Disciplinary Counsel Kelly Boozer Arnold,
both of Columbia, for the Office of Disciplinary Counsel.

Harvey M. Watson, III, of Ballard & Watson, Attorneys
at Law, of West Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of a public reprimand or a definite suspension of up to a year, and
agrees to pay costs and other conditions of discipline.  We accept the Agreement
and suspend Respondent from the practice of law in this state for six months,
retroactive to the date of interim suspension.  The facts, as set forth in the
Agreement, are as follows.

## I.

Respondent was admitted to practice law in South Carolina in 2013, and he has no prior disciplinary history. On January 19, 2022, Respondent was arrested and charged with first-degree domestic violence, a felony. Respondent failed to self-report his arrest to ODC. On October 4, 2022, the Seventh Judicial Circuit Solicitor informed ODC of Respondent's arrest. Respondent was placed on interim suspension on October 7, 2022.

On December 12, 2022, Respondent pled guilty to second-degree domestic violence, a misdemeanor. Respondent was sentenced to a determinate term of time served (one day) and was required to pay court costs of $128.13, which he paid on May 2, 2023. As part of his sentence, Respondent is prohibited from possessing, transporting, receiving, or shipping a firearm or ammunition. The facts supporting Respondent's guilty plea indicate that in Spartanburg County, on January 14, 2022, Respondent assaulted his wife, striking her in her head and face multiple times, leaving visible injuries. Respondent's three minor children, ages nine, six, and three, witnessed Respondent's assault of their mother, and Respondent's nine-year-old son ran to a nearby home for help.

## II.

Respondent admits that his failure to report his arrest violated Rule 8.3(a), RPC, Rule 407, SCACR (requiring a lawyer who is arrested for a "serious crime" to notify ODC within fifteen days); *see* Rule 1(o), RPC (defining "serious crime" as any felony); S.C. Code Ann. § 16-25-20(B) (defining first-degree domestic violence as a felony punishable by ten years in prison). Respondent also admits that his conduct violated Rule 8.4(a), RPC (prohibiting violations of the Rules of Professional Conduct); and Rule 8.4(b) (prohibiting criminal acts that reflect adversely on the lawyer's fitness as a lawyer).

Respondent acknowledges his misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (establishing that a violation of the Rules of Professional conduct is a ground for discipline); Rule 7(a)(5) (providing that conduct tending to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law is a ground for discipline).

In his affidavit in mitigation, Respondent expresses regret and remorse and explains that since the incident, he has completed approximately 125 hours of therapy and counseling services, including a program on Domestic Violence and Healthy Relationships with a certified anger management specialist. He also states that his divorce is now final, and that he has unsupervised visitation and shares joint legal and physical custody of his three children. Respondent asks that any period of suspension be made retroactive to the date of his interim suspension and without the requirement that he appear before the Committee on Character and Fitness prior to any reinstatement to the practice of law.

## III.

We find a definite suspension of six months is appropriate as a sanction for Respondent's misconduct in committing criminal acts and failing to self-report his arrest to ODC. Accordingly, we accept the Agreement and suspend Respondent from the practice of law for a definite period of six months, retroactive to October 7, 2022, the date of his interim suspension. As a condition of discipline, Respondent agrees as follows:

A. To continue to comply with the terms of his monitoring contract with Lawyers Helping Lawyers (LHL) dated September 29, 2023, which shall include an ongoing relationship with a monitor designated by LHL;

B. To report monthly to the Commission on Lawyer Conduct for the duration of the monitoring contract, beginning within thirty days of the date of Respondent's execution of the Agreement. The report shall include Respondent's affidavit of compliance and a statement from the monitor designated by LHL; and

C. To file a final report with the Commission from the LHL monitor regarding Respondent's compliance with the LHL contract within thirty days of the end date of the monitoring contract. The report must also contain the monitor's recommendations for future monitoring, if any. If further monitoring is recommended, the Commission shall determine whether the terms of the LHL agreement should be extended for another year.

Within thirty days, Respondent shall pay or enter into a reasonable payment plan to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**